# 2004 DTA 76

**TRIBUNAL DE CIRCUITO DE APELACIONES
REGION JUDICIAL DE SAN JUAN**

VICTOR R. MARTINEZ CASTRODAD
Recurrido

ANA E. SANCHEZ ALICEA
Peticionaria
*Ex-parte*

Núm. KLCE-03-01293

San Juan, Puerto Rico, a 10 de marzo de 2004

Panel integrado por su Presidente, el Juez Bráu Ramírez,
y los Jueces González Rivera y Rivera Martínez

González Rivera, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La señora Ana Sánchez Alicea acude mediante recurso de *certiorari* y solicita la revocación de una resolución emitida por el Tribunal de Primera Instancia, Sala de San Juan, el 12 de noviembre de 2003. Mediante la misma se desestimó una petición de aumento de pensión alimentaria para su hijo Víctor Rafael. El foro recurrido fundamentó su decisión en que el alimentante y su madre viven en New Jersey hace más de seis meses, por lo cual dicho foro es el más adecuado para determinar las necesidades del éste. A la luz de las disposiciones de la Ley Interestatal Uniforme de Alimentos entre Parientes, 8 L.P.R.A. 541 *et seq.*, revocamos el dictamen apelado y devolvemos el caso para la continuación de los procedimientos.

### I

El 28 de agosto de 1987, la señora Sánchez quedó divorciada por acuerdo mutuo del recurrido, Víctor Martínez Castrodad. La custodia del único hijo del matrimonio, Víctor Rafael, fue otorgada a la madre. El padre debía pagar una pensión alimentaria de $380.00. Posteriormente, la pensión aumentó a $656.56.

El 21 de junio de 2000, la señora Sánchez, en representación de su hijo, presentó una petición de aumento de pensión. En la misma alegó que los gastos de su hijo aumentaron y la situación económica del padre había cambiado. El 27 de junio de 2001, el tribunal aumentó la pensión provisionalmente a $851.00, más ordenó al padre el pago del plan médico, retroactivo al 1 de julio de 2000.

El 30 de julio de 2002, el señor Martínez Castrodad presentó una moción de desestimación. Adujo que en vista de que el *"Uniform Child Custody and Jurisdiction Act"* y *"Uniform Interstate Family Support Act"*, N.J. S.A. 24.4-30.65 del Estado de New Jersey, el *"Home State"* o estado de residencia es aquél en donde un menor ha vivido con un padre o persona actuando como padre al menos durante seis meses consecutivos. Adujo que siendo New Jersey el estado de residencia de su hijo, son las leyes y estatutos de dicho estado los que aplican a su persona. En consecuencia, bajo los estatutos del Estado de New Jersey, el hijo ya no era considerado menor de edad, por lo que su madre no tenía patria potestad sobre él. En consecuencia, le correspondía a su hijo presentar cualquier acción en su beneficio, sin necesidad de ser representado por su madre. Si bien el padre alimentante reconoció que las revisiones de pensiones alimentarias debían ventilarse en Puerto Rico, solicitó la desestimación de la acción, de manera que el hijo compareciera y se representara a sí mismo.

Así las cosas, la señora Sánchez se opuso a la desestimación solicitada. Adujo que el caso nació y se ha mantenido activo bajo la jurisdicción de Puerto Rico, por lo que el tribunal conoce los pormenores del mismo. Planteó que siendo uno de los objetivos proteger los mejores intereses del menor, en esta jurisdicción donde mejor estaría protegido. Adujó que la pretensión del señor Martínez Castrodad es privar a su hijo menor de edad de la pensión alimentaria a la que tiene derecho.

Con el beneficio de los argumentos de las partes, el 4 de noviembre de 2002, el foro de instancia, sin resolver el planteamiento de falta de parte indispensable, desestimó la petición de aumento. Resolvió que el Estado de New Jersey, donde el menor mantiene su domicilio, es el tribunal con jurisdicción sobre el asunto porque está en mejor posición para evaluar las necesidades de éste. Esta sentencia no fue notificada al representante legal de la señora Sánchez, sino que fue notificada a la abogada que la representaba anteriormente.

Desconociendo la determinación del tribunal, la señora Sánchez presentó una moción al tribunal en la cual solicitó que el señor Martínez Castrodad fuera declarado incurso en desacato, toda vez que adeudaba dinero correspondiente a la pensión, la matrícula, los libros y materiales del menor. No fue hasta que el señor Martínez Castrodad se opuso a la solicitud de desacato e hizo mención de la sentencia del 4 de noviembre de 2002, que la señora Sánchez se enteró de la existencia de tal dictamen. ■

Ante tal circunstancia, el abogado de la señora Sánchez solicitó un relevo de sentencia, en el que expresó su desconocimiento de la sentencia del 4 de noviembre y pidió la notificación de la misma. El tribunal acogió la moción, la refirió a la consideración de la juez que atendió el caso y concedió 10 días al señor Martínez Castrodad para que replicara.

El 26 de febrero de 2003, el tribunal ratificó su determinación del 4 de noviembre de 2002. Sin embargo, esta resolución tampoco fue notificada a la señora Sánchez. Inconforme, acudió ante este tribunal mediante el recurso de *certiorari* número KLCE-03-00376. El mismo fue desestimado mediante resolución del 13 de junio de 2003 por prematuro, toda vez que a la peticionaria no se le había notificado la sentencia. En consecuencia, devolvió el caso para que fuese notificada del referido dictamen conforme a derecho.

De conformidad con lo decretado por este foro apelativo, el tribunal de instancia ordenó la notificación a todas las partes de la decisión del 26 de febrero de 2003. Notificada como fue la resolución e inconforme nuevamente con la determinación de dicho foro, la señora Sánchez Alicea presentó el recurso que nos ocupa. Señala como único error del foro apelado al desestimar la petición de aumento y determinar que el estado de New Jersey es el que tiene jurisdicción para atender este caso. En consecuencia, solicita que el referido dictamen sea revocado y se devuelva el caso al foro de instancia para la continuación de los procedimientos.

Veamos el derecho aplicable a los hechos.

## II

La sección 2.205 de la Ley Interestatal Uniforme de Alimentos entre Parientes, Ley Num. 180 del 20 de diciembre de 1997, 8 L.P.R.A. 542(d)(a), en lo pertinente dispone:

*"(a) El tribunal de Puerto Rico que emita una orden de pensión alimentaria para un menor conforme dispone la ley, tiene jurisdicción continua y exclusiva sobre dicha orden:*

*(1) mientras el alimentante, el alimentista o el menor en cuyo beneficio se ha emitido la orden de pensión alimentaria mantengan su residencia en Puerto Rico; o*

*(2) cuando todas las partes hayan prestado su consentimiento por escrito en el tribunal de Puerto Rico para que un tribunal de otro estado modifique la orden y asuma jurisdicción continua y exclusiva. (Énfasis suplido).*

*(3) ... ".*

Según la sección 2.205, antes reseñada, el tribunal que emite una orden de pensión alimentaria en beneficio de un menor retiene jurisdicción continua y exclusiva sobre la orden mientras: 1) **alguna de las partes -el alimentante, el alimentista o el menor- continúe residiendo en Puerto Rico,** ██ y 2) mientras las partes no consientan por escrito a que el tribunal de otro estado modifique la orden y asuma jurisdicción continua y exclusiva. Dicho de otro modo, el tribunal pierde su jurisdicción continua y exclusiva únicamente cuando: (1) todas las partes han dejado de residir en Puerto Rico, ██ o (2) todas las partes han consentido por escrito a que un tribunal de un estado modifique la orden y asuma jurisdicción continua y exclusiva sobre la misma. ██ *Aponte v. Barbosa Dieppa*, 146 D.P.R. 558 (1998).

Desde el año 1987, cuando el tribunal dictó la sentencia de divorcio, adquirió jurisdicción para determinar sobre los alimentos del menor y ha continuado con jurisdicción para modificar la pensión alimentaria. Si bien la señora Sánchez comenzó a residir en New Jersey con su hijo durante el procedimiento de modificación de pensión alimentaria, ello no es óbice para que el tribunal de Puerto Rico continúe con jurisdicción sobre el caso.

El padre del menor reside en Puerto Rico. No existe duda, de que mientras eso sea así, nuestros tribunales tendrán jurisdicción continua y exclusiva sobre los asuntos relacionados a la modificación de la pensión alimentaria; así surge claramente de la Ley Interestatal Uniforme de Alimentos entre Parientes antes reseñada. Los tribunales de Puerto Rico únicamente perderían su jurisdicción si las partes consienten por escrito a que el tribunal de New Jersey, modifique la orden y asuma jurisdicción continua y exclusiva sobre el caso. *Aponte v. Barbosa Dieppa, supra.*

No habiéndose efectuado acuerdo escrito alguno entre las parte confiriéndole jurisdicción a los tribunales de New Jersey y estando el padre residiendo en Puerto Rico, resolvemos que erró el foro de instancia al determinar que el referido estado es el que tenía jurisdicción para evaluar y determinar sobre los alimentos, meramente porque allí está localizado el domicilio del menor.

Lo que propiamente debe resolver el foro de instancia es si debe desestimar la petición de aumento de pensión alimentaria por faltar una parte indispensable, el hijo, el cual conforme a las leyes del estado de New Jersey, donde tiene su domicilio, es considerado mayor de edad.

Por consiguiente, expedimos el auto de *certiorari* para revocar el dictamen recurrido. Se ordena a la devolución de este caso al foro de instancia para la continuación de los procedimientos de conformidad con lo aquí establecido.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 2004 DTA 76

**1.** Por otro lado, el 23 de diciembre de 2002, el tribunal se reitera en la determinación de que el foro de New Jersey es el adecuado para ver el caso. Esta orden tampoco fue notificada al abogado de la señora Sánchez, sino a la abogada que la representaba antes.

**2.** Este razonamiento es cónsono con el comentario del estatuto modelo: Uniform Interstate Family Support Act. *"As long as one of the individual parties or the child continues to reside in the issuing state, and as long as the parties do not agree to the contrary, the issuing tribunal has continuing, exclusive jurisdiction over its order--which in practical terms means that it may modify its order. The statute attempts to be even-handed--the identity of the remaining party--obligor or obligee--does not matter. If the individual parties have left the issuing state, but the child remains behind, continuing, exclusive jurisdiction remains with the issuing state."*

**3.** El estatuto modelo Uniform Interstate Family Support Act, comenta a tales efectos: *"That is, if all the relevant persons--the obligor, the individual obligee, and the child--have permanently left the issuing state, the issuing state no longer has an appropriate nexus with the parties or child to justify exercise of jurisdiction to modify. Further, the issuing tribunal has no current information about the factual circumstances of anyone involved, and the taxpayers of that state have no reason to expend public funds on the process."*

**4.** Surge del comentario del estatuto modelo: *"According to the logical implication of Subsection (a)(2), the issuing state may also lose its continuing, exclusive jurisdiction to modify if the parties consent in writing for another state to assume jurisdiction to modify (even though one of the parties or the child continues to reside in the issuing state). The only statutory requirement for the parties to divest the issuing tribunal of its continuing, exclusive jurisdiction, is the filing of a written agreement to that effect with that tribunal."*